UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

CIVIL ACTION NO. 12-166-KKC

JAMES D. WILSON                                                                             PLAINTIFF

v.                          **MEMORANDUM OPINION AND ORDER**

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY                          DEFENDANT

*** *** *** *** ***

This matter is before the Court upon cross-motions for summary judgment on James D. Wilson's appeal of the Commissioner[1] of Social Security's denial of his application for Supplemental Security Income ("SSI") and disability insurance benefits ("DIB"). For the reasons stated below, the Court will deny Wilson's motion for judgment (DE 12) and grant the Commissioner's motion (DE 13).

I.   **Facts and Procedural History**

At the time of his application for SSI and DIB, Wilson was twenty-four years old. Administrative Record (hereinafter "AR") 26. He attended school until the ninth grade, and he has past relevant work experience as a material handler, merchandise deliverer, truck driver, and convenience store clerk. AR 26, 36-41. He alleged disability beginning on January 31, 2009, due to problems with his back, hips, knees, and elbows, in addition to a bipolar disorder, anxiety, paranoia issues, and an anger management problem. AR 37, 42-46. Wilson filed his claim for SSI and DIB on November 19, 2010. It was denied initially on April 14, 2011, and again upon reconsideration on July 14, 2011. AR 90-100. Wilson requested a hearing before an

---

[1] Defendant requested Carolyn W. Colvin, the Acting Commissioner of Social Security, be substituted for Commissioner Michael J. Astrue as the defendant in this action, and the Court will grant that request. *See* Fed. R. Civ. P. 25(d).

Administrative Law Judge ("ALJ"), and both Wilson and an impartial vocational expert ("VE") testified at that hearing on January 10, 2012. AR 34, 50. Thereafter, Administrative Law Judge ("ALJ") Tommye C. Mangus determined that Wilson was not disabled. AR 18-27.

## II. Overview of Process and the ALJ's Decision

Under the Social Security Act, disability is "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007). The disability determination is made using a five-step sequential evaluation process. 20 C.F.R. § 416.920. The claimant has the burden of proving the existence and severity of limitations caused by his impairment and that he is precluded from doing past relevant work for the first four steps of the process. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). However, the burden shifts to the Commissioner for the fifth step. *Id.* The Social Security Administration (SSA) reviews a claim and whether or not a claimant is disabled for purposes of the Act. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006). A claimant can then request an ALJ review if the SSA concludes he is not disabled.

Under the traditional five-step analysis; *see Presalar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); 20 C.F.R. § 404.1520, the ALJ found at step one, that Wilson had not engaged in substantial gainful activity at any time relevant to the ALJ's decision, AR 18; at step two, that he had severe impairments including back pain with probable lumbar degenerative change, obesity, borderline intellectual functioning, a history of polysubstance dependence, depression, and anxiety, *Id*; at step three, that he did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments, AR 22; and at step four, that he had the residual functioning capacity ("RFC") to perform light work as

defined in 20 C.F.R. §§ 404.1567(b) and 416.976(b), with the exceptions that he can perform no more than occasional climbing, no more than frequent stooping, crawling, bilateral overhead reaching, or pushing/pulling with the left lower extremity, that he not be exposed to concentrated vibration, and that he can understand and remember simple instructions requiring brief learning periods, can maintain attention and concentration to carry out simple tasks requiring little independent judgment and involving minimal variations, can tolerate interactions with coworkers frequently and the public occasionally, and can adapt to workplace changes that are infrequent and introduced gradually. AR 24. At step five, based on Wilson's RFC and the testimony of the VE, the ALJ found that while Wilson could not return to his past employment, there are a significant number of jobs in the national economy that he can perform such as sorter, laundry folder, and marker. AR 26-27. Thus, the ALJ determined Wilson was not disabled and denied his claim for SSI and DIB on May 14, 2012. AR 27. The SSA's Appeals Council denied his request for review on June 22, 2012, and this review followed.

### III. Standard of Review

When reviewing the SSA's decision, the Court is commanded to uphold the decision, "absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (internal quotation marks and citation omitted). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 285-86 (6th Cir. 1994).

This Court is required to defer to an agency's decision "even if there is substantial evidence in the record that would have supported the opposite conclusion, so long as substantial

3

evidence supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc Sec*., 336 F.3d 469, 475 (6th Cir. 2003) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). The Court cannot review the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *Nelson v. Comm'r of Soc. Sec.,* 195F. App'x 462, 468 (6th Cir. 2006); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Where the Commissioner adopts the ALJ's opinion as its own, the Court reviews the ALJ's opinion directly. *See Sharp v. Barnhart*, 152 F. App'x 503, 506 (6th Cir. 2005).

### IV. Analysis

Wilson challenges the ALJ's ruling on the following grounds: (1) the hypothetical on which the ALJ relied upon improperly omitted an essential restriction evident from the Wilson's evaluation by Richard E. Sexton, Ph.D.; (2) the ALJ erred in drawing negative inferences about Wilson's credibility based upon his inability to pursue treatment for his impairments; and (3) the ALJ's determination that the Wilson is not disabled was not supported by substantial evidence.

### a. The ALJ's Hypothetical Question Submitted to the Vocational Expert Accurately Reflected Wilson's Abilities and Limitations.

Wilson asserts that the ALJ's hypothetical questions to the VE erroneously omitted "some provision for quotas" to account for Wilson's abilities. DE 12-1 at 9. A VE's testimony in response to a hypothetical question serves as substantial evidence in support of a determination that a claimant is capable of performing other work if the question accurately portrays the claimant's physical and mental impairments. *See Howard v. Comm'r of Soc. Sec.,* 276 F.3d 235, 239, 241 (6th Cir.2002); *see also Webb v. Comm'r of Soc. Sec.,* 368 F.3d 629, 633 (6th Cir. 2004) (although an ALJ need not list a claimant's medical conditions, the hypothetical

should provide the vocational expert with the ALJ's assessment of what the claimant "can and cannot do.").

In this case, the ALJ elicited VE testimony from Jo Ann Bullard at the January 10, 2012, to determine Wilson's ability to perform any of his past relevant work and to determine if there is any other work Wilson could do. The ALJ asked Bullard to consider an individual of the same age, education, and work experience as Wilson. The ALJ then asked Bullard if such an individual were capable of "light work," given exertional and non-exertional restrictions. "From a mental standpoint," the ALJ indicated the hypothetical individual can:

> ... understand and remember *simple* instructions that require brief learning periods, can maintain attention and concentration to carry out *simple* tasks that require little independent judgment and involve minimal variations, can tolerate frequent interaction with coworkers and supervisions but no more than occasional interaction with the public, and can adapt to routine workplace changes that are *infrequent and gradually introduced*.

AR 50 (emphasis added). In response, Bullard testified that this individual could not perform Wilson's past work but there would be other jobs available in the regional or national economy. AR 51. Relying on this evidence, the ALJ found Wilson was not disabled.

With regard to the framing of the mental factors of the hypothetical question, there is no error. Consultative psychologist Norman L. Berg, Ph.D., examined Wilson in May of 2010 and diagnosed him with mood disorder, marijuana abuse (reportedly in remission), panic disorder with agoraphobia, and borderline intellectual functioning. AR 20-21, 394-401. Dr. Berg opined that Wilson would have no limitation in his ability to understand and follow simple directions in a work setting, mild limitations in his ability to maintain attention and concentration while doing work-related tasks, no more than moderate limitations in his ability to relate adequately with others in work setting, and moderate limitations in his ability to cope with routine job stress. *Id.* Consultative psychologist Richard E. Sexton, Ph.D., also examined Wilson in March of 2010 and

diagnosed him with dysthymic disorder, anxiety disorder not otherwise specified, and borderline intelligence. AR 21, 406-407. Dr. Sexton opined that Wilson is mildly impaired in his ability to understand, recall, and carry out instructions; is mildly impaired in his ability to relate to others, including co-workers and supervisors; and is moderately impaired in his ability to maintain attention, concentration, persistence, and pace, as well as the ability to withstand the pressures associated with day-to-day work activity. AR 21, 407. Finally, Phil Pack, M.S., conducted a consultative psychological evaluation in March of 2011, but based on Wilson's lack of effort, an accurate assessment of functional capabilities could not be determined. AR 21-22, 363-376. In her opinion, the ALJ specifically found that the findings of these consultative examiners were consistent with the mental limitations in the findings of the Disability Determination Services ("DDS"). AR 26. The ALJ adopted the DDS findings. *Id.*

An ALJ's hypothetical questions need only include the limitations the ALJ finds credible and supported by the evidence of record. *See, e.g., Gant v. Comm'r,* 372 F. App'x. 582, 586 (6th Cir. 2010); *Foster v. Halter,* 279 F.3d 348, 356 (6th Cir. 2002); *Blacha v. Sec'y,* 927 F.2d 228, 231 (6th Cir. 1990). The ALJ's hypothetical adequately captures those limitations. In this case, the ALJ found that the "record contains no evidence that the claimant's concentration skills do not allow for the completion of simple, one and two-step instructions." AR 26. The ALJ did not find that Wilson was subject to a specific speed and pace restriction (such as working two hour segments over an eight-hour day where speed was not critical). Instead, the ALJ acknowledged the consultative examiners' conclusion that Wilson had no more than mild to moderate difficulty in sustaining attention and pace. AR 23. After reviewing the entire record, the ALJ gave great weight to the state agency physician's opinion that Wilson retained the ability to understand and remember simple instructions, and sustain concentration, effort, and pace for simple tasks

requiring little independent judgment and involving minimal variations, and could do so at requisite schedules of work and breaks. AR 26. Such limitations could be accommodated by performing simple and routine tasks. *See, e.g., Smith v. Halter,* 307 F.3d 377, 378–79 (6th Cir. 2001) (Sixth Circuit determined that a hypothetical question limiting the claimant to jobs that are "routine and low stress, and do not involve intense interpersonal confrontations, high quotas, unprotected heights, or operation of dangerous machinery" appropriately addressed the limitations of the claimant who "often" suffered problems with concentration, persistence or pace resulting in the failure to complete tasks in a timely manner). The ALJ's hypothetical question not only portrayed Wilson as limited to simple repetitive tasks, it also portrayed him as limited in his ability to adjust to the pace of workplace changes. In other words, "the question was fully supported by medical evidence in the record." *Blacha,* 927 F.2d at 231. As a result, the hypothetical adequately communicated Wilson's mental limitations to the VE.

### b. The ALJ Did Not Err in Evaluating Wilson's Credibility.

Next, Wilson argues that the ALJ erred in drawing negative inferences about Wilson's credibility based upon his inability to pursue treatment. The ALJ's findings based on the applicant's credibility are to be accorded great weight and deference because the ALJ is responsible for observing a witness's demeanor and credibility. *Walters v. Comm'r of Social Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). However, there must be substantial evidence to support the ALJ's credibility assessment. *Id.* Wilson argues that the ALJ erred in considering his lack of treatment for his mental health and disease in the credibility determination because he could not afford medical treatment. The assessment of Wilson's credibility, however, was based on a consideration of all the evidence of the record. The ALJ did consider Wilson's sporadic treatment for mental and physical conditions, but she also considered Wilson's testimony

7

regarding the tasks he performs on a regular basis, such as completing household chores, preparing meals, and driving. AR 23. The ALJ noted "the history of polysubstance abuse with indications of symptom magnifications and findings suggestive of malingering referenced more than once in the record." AR 25. Evaluating the record overall, the ALJ found that it does not contain any opinions from treating physicians indicating that Wilson is disabled or has limitations greater than those determined by the ALJ. *Id.* Having carefully considered Wilson's chronological treatment, his activities of daily living, as well as the lack of treatment for certain complaints, the ALJ was unable to full credit Wilson's testimony based upon the entire record. "Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence." *Walters*, 127 F.3d at 531. Accordingly, the Court finds the ALJ properly analyzed the evidence of record and set forth specific reasons for rejecting Wilson's subjective complaints about his disability.

### c. The ALJ's Decision is Supported by Substantial Evidence.

Wilson's broadly asserts that the ALJ's decision is not supported by substantial evidence. This argument is presented only in conclusory fashion and offers no citations to the record. The Court's Standing Order expressly instructed the parties to "provide the Court with specific page citations to the administrative record to support their arguments." DE 11 at 3, ¶ (3)(c). The Order also expressly admonished them that "[t]he Court will not undertake an open-ended review of the entirety of the administrative record to find support for the parties' arguments." *Id.* (citing *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.,* 447 F.3d 477, 491 (6th Cir. 2006)). *See also, McPherson v. Kelsey,* 125 F.3d 989, 995–996 (6th Cir.1997) (" '[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way,

leaving the court to ... put flesh on its bones.' "). Wilson's failure to follow this instruction invites the Court to exceed the proper bounds of judicial review. The Court declines, and instead limits its consideration to the particular points Wilson raised. As discussed above, these challenges fail because substantial evidence supports the ALJ's decision to deny Wilson's claim for benefits.

### V. Conclusion

Accordingly, and for the foregoing reasons, the Court **HEREBY ORDERS** as follows:

(1) Carolyn W. Colvin, the Acting Commissioner of Social Security, is **SUBSTITUTED** for Commissioner Michael J. Astrue as the defendant in this action;

(2) Wilson's motion (DE 12) is **DENIED**;

(3) Commissioner's motion (DE 13) is **GRANTED**;

(4) The administrative decision of the Commissioner will be **AFFIRMED** by separate judgment entered this date.

This 15th day of August, 2013.



Signed By:
*Karen K. Caldwell*
United States District Judge